UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KIC DEVELOPMENT, LLC,
2461 South Clark Street, Suite 618
Arlington, Virginia 22202,

        Plaintiff,

v.

SYSTEMS, SERVICES & DESIGN, INC.,
1010 Vermont Avenue, N. W., Suite 400
Washington, D. C. 20005,

SERVE: Gerald McGhee, Registered Agent
       1010 Vermont Avenue, N. W.
       Suite 400
       Washington, D. C. 20005,

        Defendant.

_____/

Case: 1:07-cv-00591
Assigned To : Collyer, Rosemary M.
Assign. Date : 3/28/2007
Description: KIC Developement v. Systems Services

## COMPLAINT

Plaintiff KIC Development, LLC ("KIC-D"), hereby sues defendant Systems, Services & Designs, Inc. ("SSD"), on the grounds and for the amounts set forth below:

### NATURE OF THE DISPUTE

1. Plaintiff KIC-D seeks recovery from defendant SSD for breach of a subcontract under a HUD Loan Sales contract and from defendant SSD for its breach of fiduciary duty to KIC-D under a joint venture agreement.

### PARTIES

2. Plaintiff KIC-D is a limited liability company organized and existing under the laws of the State of Alaska, having its principal place of business in Arlington, Virginia.

3. Defendant SSD is a corporation organized and existing under the laws of the District of Columbia, having its principal place of business in Washington, D. C.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332; there is complete diversity of the parties and the amount is controversy exceeds $75,000.

5. Venue lies with this Court, pursuant to 28 U.S.C. §1391(a)(1) and (2).

## GENERAL FACTUAL ALLEGATIONS

6. SSD is a Service Disabled Veteran-owned, Small Business Administration certified 8(a) company. Prior to 2006, SSD had obtained contracts from the Department of Housing and Development ("HUD") to provide services relating to HUD's sale of foreclosed and repossessed real properties. Because SSD is limited under applicable HUD regulations to annual contract awards not exceeding $3 million, in September 2005, SSD engaged a consultant, James A. Cooke, Inc. ("Cooke"), to assist SSD, *inter alia*, in identifying potential joint venture partners whose structure might enable SSD to circumvent the annual HUD contract award limitation.

7. KIC-D is a socially and economically disadvantaged small business concern, a participant in the SBA 8(a) business development program and is deemed a tribally-owned business. Under HUD regulations, KIC-D is not subject to the annual $3 million contract award limitation applicable to SSD. Under applicable HUD regulations, KIC-D is also eligible for sole-source, multi-year contract awards without dollar limitation. Under the regulations, a joint venture owned 51% or more by KIC-D would be eligible for HUD contract awards based on KIC-D's eligibility status.

8. In September 2005, Cooke introduced KIC-D to SSD as a potential joint venture partner.

9. On January 25, 2006, officials of KIC-D and SSD met, discussed pursuing various joint venture opportunities utilizing KIC-D's expanded contract eligibility involving HUD and other government agencies. On February 23, 2006, the parties executed a written Memorandum of Understanding ("MOU") agreement, a copy of which is attached as Exhibit A.

10. In 2006, HUD's real estate sales were held in three segments, the first of which had already occurred before the execution of the MOU. As an initial step to position themselves for future HUD real estate sale joint venture work, SSD agreed to subcontract to KIC-D $100,000 of the work involved in the second HUD real estate sale in May 2006 and $300,000 of the work involved in the third HUD real estate sale in December 2006, thus enabling the parties to develop a documented track record of joint performance in preparation for seeking expanded HUD real estate sales work in 2007 and beyond.

11. SSD issued a Purchase Order to KIC-D for $100,000 for quality control and site inspection work relating to the May 2006 HUD sale, to be performed between March 1 and June 30, 2006. A copy of the Purchase Order is attached as Exhibit B. KIC-D performed all of its agreed work in a timely and satisfactory manner and on July 31, 2006, invoiced SSD for the agreed $100,000. Despite repeated demands by KIC-D for payment, and repeated promises by SSD to make payment, no payment has been received.

12. Notwithstanding SSD's agreement to subcontract $300,000 of the work involved in the December 2006 HUD real estate sale to KIC-D, upon information and belief, SSD instead awarded the subcontract work intended for KIC-D, to Meyerberg and Associates, Inc.

13. By complaint filed in this Court May 26, 2006, Signet Partners sued SSD for $150,270.81, the balance due Signet for similar HUD subcontract work arising from 2005 and the initial 2006 HUD real estate sales. *Signet Partners v. Systems, Services & Design, Inc.*, C. A.

No. 06-979-GK. By minute order, dated July 10, 2006, the Court entered a default judgment against SSD in the amount of $150,790.81, plus interest.

14. By complaint filed in the Circuit Court of Arlington County, Virginia, Cooke sued SSD for $50,000 for failing to pay the agreed fee under the consulting agreement, which Cooke had performed, *inter alia*, by introducing KIC-D to SSD. *James A. Cooke, Inc. v. Systems, Services & Design, Inc.*, C.A. No. 06-1478.

15. Based on the foregoing and upon information and belief, SSD used funds it received from HUD for work performed by KIC-D relating to the May 2006 HUD real estate sale, to pay other creditors, rather than to pay KIC-D as it had agreed. SSD awarded the subcontract for December 2006 HUD real estate sale work, intended for KIC-D, to Meyerberg & Associates, Inc., because it knew that KIC-D would not perform without having first been paid for its May 2006 subcontract work, which remained unpaid.

16. By entering into the MOU, SSD and KIC-D became joint venturers, agreeing to pursue in good faith the joint objectives contemplated by the MOU. By failing to award the December 2006 subcontract work to KIC-D, and by instead awarding the work to Meyerberg & Associates, Inc., SSD breached its fiduciary duty to KIC-D as a joint venturer, to pursue the objectives of the MOU in good faith, damaging KIC-D in the sum of $200,000 -- its anticipated profit on the subcontract work.

## COUNT I

**(Breach of Contract – Failure to Pay Amount Due Under HUD Subcontract)**

17. Paragraphs 1-16 are incorporated herein as if set forth in their entirety.

18. KIC-D fully performed all services required under the Purchase Order from SSD relating to the May 2006 HUD real estate sale.

19. Although KIC-D has frequently demanded that SSD pay the $100,000.00 owed KIC-D under the Purchase Order, SSD has refused to do so.

20. As a proximate result, KIC-D has suffered damage and harm.

## COUNT II

### (Breach of Fiduciary Duty - Failure to Perform Under Joint Venture Agreement)

21. Paragraphs 1-20 are incorporated herein as if set forth in their entirety.

22. On February 23, 2006, SSD and KIC-D agreed to become joint venturers to pursue mutual business opportunities pursuant to a Memorandum of Understanding ("MOU").

23. Paragraph 2 of the MOU, entitled "Milestones and Timetable," states in pertinent part that one of the milestones contemplated was to "[d]evelop capabilities presentation for HUD and begin marketing of long-term sole-source award as transaction specialist."

24. SSD's agreement to award KIC-D subcontract work on the May and December 2006, HUD real estate sales was a key element of the parties' MOU agreement to "develop" a capabilities presentation — *i.e.*, to build a documented joint performance record to be used as a basis for seeking future multi-year HUD contract work on behalf of the joint venture. By failing to award the December 2006 subcontract work to KIC-D, SSD breached its fiduciary duty to KIC-D as a joint venturer.

25. As a proximate result of the foregoing conduct, KIC-D has suffered and will continue to suffer damage and harm.

WHEREFORE, plaintiff KIC-D demands judgment against defendant SSD as follows:

1. With respect to Count I, judgment against SSD in the sum of $100,000, plus prejudgment interest from August 31, 2006 to the date of judgment, and attorneys fees; and

2. With respect to Count II, judgment for compensatory damages in the sum of $200,000, pre-judgment interest thereon from February 15, 2007, such other compensatory damages as may be proven at trial, punitive damages in the sum of $200,000 and attorneys fees; and

3. For such other relief as the Court may deem appropriate.

Respectfully submitted,

KELLOGG, WILLIAMS & LYONS

_____ per PLK
Edwin A. Williams (Bar No. 50716)
386 Maple Avenue, East, Suite 207
Vienna, VA 22180-4720
Telephone: (703) 938-4875
FAX (703) 938-4877

and

_____
Philip L. Kellogg (Bar No. 92494)
1925 K Street, N. W., Suite 200
Washington, D. C. 20006
(202) 496-0722
FAX (202) 331-1257

Counsel for Plaintiff KIC-D

*KIC Development, LLC v. Systems, Services & Design, Inc.*

# EXHIBIT A

# MEMORANDUM OF UNDERSTANDING:
## KIC Development, LLC & Systems, Services & Designs, Inc

**Introduction:** The parties held discussions on January 25, 2006 in Washington, D.C., concerning potential opportunities with various federal agencies, including but not limited to IT support services, GIS services, management consulting, and other areas of expertise.

**KIC Development, LLC (KICD)** is a socially and economically disadvantaged small business concern, majority-owned by Kikiktagruk Inupiat Corporation (KIC). KIC is headquartered in Kotzebue, Alaska, and was created in 1973 as a Village corporation pursuant to the terms of the Alaska Native Claims Settlement Act of 1971. There are currently 1,953 KIC shareholders.

KICD is an experienced Technical Solutions Corporation, that can handle all facets of Communication/Information Technology, Construction, Environmental, Engineering, Energy, Marine (Dry Dock) and Industrial Fabrication. KICD was formed in 2002. KICD's main offices are located in Alaska and in Arlington, Virginia; with Regional Offices in Norwalk, Connecticut; Denton, Texas; Philadelphia, Pennsylvania; and Jacksonville, Florida.

KICD is a socially and economically disadvantaged small business concern (SDB), a participant in the SBA 8(a) Business Development Program, and is deemed a tribally-owned business. It is a Disadvantaged Small Business (DBE) for Department of Transportation programs. The KICD socio-economic business advantages, coupled with its array of contracting vehicles, positions it to perform projects on a sole-source basis. This capability provides its clients with a user friendly and time sensitive acquisition tool to complete their projects with minimal lead time and acquisition effort.

**Systems, Services & Designs, Inc. (SSD)** is a privately-held, Service Disabled Veteran-Owned Small Business, Small Business Administration (SBA) certified 8(a) company. It was formed in 1985 by Stan Murphy and Gerald McGhee primarily to provide software consulting services to the public and private sectors. Today, the company provides engineering, management, technical and computer systems support for a diverse group of clients -- services that span the entire technology lifecycle -- from strategy definition and planning; through implementation and integration; to extended support. SSD was recently nominated as Contractor of the Year by the Bureau of Alcohol, Tobacco and Firearms (BATF) for providing exceptional service.

By the Memorandum of Understanding, the parties desire to formulate a list of milestones and a timetable for further pursuit of matters of mutual interest. The parties acknowledge that the range of opportunities have a substantial number of inter-related variables which limit their ability to develop a specific strategy for proceeding.

The parties agree that:

**1. Statement of Interest:** Each party states its interest in forming a long-term collaboration of a joint pursuit of federal government contracting opportunities. These may be pursued as a joint venture (JV), (structured either as a partnership or as a limited liability company), or as prime contractor/subcontractor relationship. Among the group of possible targets are: IT support services, software and hardware value-added reselling, GIS services, management consulting, and other areas of expertise and interest.

The federal agencies which may be targeted include the Department of Defense, Department of Housing and Urban Development, Department of Homeland Security, Department of Justice, Department of the Treasury, Department of Transportation, and Department of the Interior.

The primary goal of the collaboration is to leverage the technical abilities of SSD with the unique contracting status of KICD for large sole-source awards. In order to achieve this goal, it will be necessary to demonstrate successful team performance, and to enhance the technical abilities of KICD.

**2. Milestones and Timetable:** The following list of milestones provides a broad outline of the various stages in the transactions, and is not intended to be a comprehensive statement of each task which may be performed. The timetable is a good faith estimate of the minimum time needed to complete each milestone. Failure to reach the milestones below shall not be deemed a breach of this agreement.

| Milestone | Timetable |
|---|---|
| Introductory meeting of the principals (completed) | 01/25/06 |
| Execute Memorandum of Understanding | 02/23/06 |
| Negotiate subcontract from SSD to KICD for the May HUD real estate sale | 02/28/06 |
| Prepare analysis of previous contracting actions by various agencies in areas of mutual interest. | 03/15/06 |
| Parties draft priority list of federal agencies to contact and schedule meetings to appropriate agency officials | 04/01/06 |
| Develop capabilities presentation for HUD and begin marketing of long-term sole-source award as transaction specialist | 04/15/05 |

*Draft* KICD.SSD.MOU.020806                                           2

**3. Costs:** Each party shall bear its own costs and expenses. In the event that a JV is established, capitalization shall be shared amongst all parties.

**4. Non-Disclosure Agreement:** The parties have previously executed a written Non-Disclosure Agreement (NDA), which shall remain in full force and effect. The NDA shall be not deemed to have been superseded by the execution of this MOU, and the obligations of the parties arising from the NDA shall survive the termination of this agreement.

**5. Exclusivity:** If the parties agree on the pursuit of a specific contracting opportunity with a specific agency, the parties shall execute a written election to pursue the matter as a JV or partnership or any other legal entity. Once designated as an opportunity, neither party shall independently pursue specifically identified opportunities without the participation of the other party while this MOU remains in effect, unless the excluded party agrees to in writing to the independent pursuit.

**6. Termination of MOU:** This may be terminated by any party and at any time by the delivery of a written election of termination to the other parties. The termination of this MOU shall not relieve any party of its obligations under the NDA. Neither shall the termination of this MOU relieve any party of its obligations to perform under any existing contract.

IN WITNESS WHEREOF, the parties have executed this Memorandum of Understanding with an effective date of February 23, 2006.

KIC Development, LLC

By: *[signature]*
Its: President
Dated: 2/23/06


Systems, Services & Designs, Inc.

By: _____
Its: _____
Dated: _____

*Draft* KICD.SSD.MOU.020806                                                3

3. **Costs**: Each party shall bear its own costs and expenses. In the event that a JV is established, capitalization shall be shared amongst all parties.

4. **Non-Disclosure Agreement**: The parties have previously executed a written Non-Disclosure Agreement (NDA), which shall remain in full force and effect. The NDA shall be not deemed to have been superseded by the execution of this MOU, and the obligations of the parties arising from the NDA shall survive the termination of this agreement.

5. **Exclusivity**: If the parties agree on the pursuit of a specific contracting opportunity with a specific agency, the parties shall execute a written election to pursue the matter as a JV or partnership or any other legal entity. Once designated as an opportunity, neither party shall independently pursue specifically identified opportunities without the participation of the other party while this MOU remains in effect, unless the excluded party agrees to in writing to the independent pursuit.

6. **Termination of MOU**: This may be terminated by any party and at any time by the delivery of a written election of termination to the other parties. The termination of this MOU shall not relieve any party of its obligations under the NDA. Neither shall the termination of this MOU relieve any party of its obligations to perform under any existing contract.

IN WITNESS WHEREOF, the parties have executed this Memorandum of Understanding with an effective date of February 23, 2006.

KIC Development, LLC
By: _[signature]_
Its: President
Dated: 2/23/06


Systems, Services & Designs, Inc.
By: _[signature]_
Its: President/CEO
Dated: 2/23/06

*KIC Development, LLC v. Systems, Services & Design, Inc.*

# EXHIBIT B

**Purchase Order**

**KIC Development**
**2461 South Clark Street**
**Suite 618**
**Arlington, VA 22202**

Purchase Order from SSD to KICD in the amount of $100,000.00 for services of Quality Control and Site Inspections.

Contract Time frame is from March 1 thru June 30, 2006

SYSTEMS, SERVICES, & DESIGNS, INC.

By: _____
Stanley Murphy
Its President & Chief Executive Officer

Systems, Services & Designs, Inc.
1010 Vermont Avenue NW #400
Washington, DC 20005
Phone: 202.393.5990 FAX: 202.393.5989

JS-44
(Rev.1/05 DC)

# CIVIL COVER SHEET

## I (a) PLAINTIFFS

KIC Development, LLC

(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF ___88888___
(EXCEPT IN U.S. PLAINTIFF CASES)

(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Edwin A. Williams
Kellogg, Williams & Lyons
346 Maple Avenue East, Suite 207
Vienna, Va. 22180
703-938-4875

Philip L. Kelllogg
Kellogg, Williams & Lyons
1925 K Street, N.W., Suite 200
Washington, D.C. 20006
202-496-0722

## DEFENDANTS

Systems, Services & Design, Inc.

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION
(PLACE AN x IN ONE BOX ONLY)

○ 1 U.S. Government Plaintiff
○ 3 Federal Question (U.S. Government Not a Party)
○ 2 U.S. Government Defendant
● 4 Diversity (Indicate Citizenship of Parties in item III)

## III CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN x IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) FOR DIVERSITY CASES ONLY!

|  | PTF | DFT |  | PTF | DFT |
|---|---|---|---|---|---|
| Citizen of this State | ○ 1 | ○ 1 | Incorporated or Principal Place of Business in This State | ○ 4 | ● 4 |
| Citizen of Another State | ○ 2 | ○ 2 | Incorporated and Principal Place of Business in Another State | ● 5 | ○ 5 |
| Citizen or Subject of a Foreign Country | ○ 3 | ○ 3 | Foreign Nation | ○ 6 | ○ 6 |

## IV. CASE ASSIGNMENT AND NATURE OF SUIT
(Place a X in one category, A-N, that best represents your cause of action and one in a corresponding Nature of Suit)

### ○ A. Antitrust
☐ 410 Antitrust

### ○ B. Personal Injury/Malpractice
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Federal Employers Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Medical Malpractice
☐ 365 Product Liability
☐ 368 Asbestos Product Liability

### ○ C. Administrative Agency Review
☐ 151 Medicare Act

Social Security:
☐ 861 HIA ((1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g)
☐ 864 SSID Title XVI
☐ 865 RSI (405(g)

Other Statutes
☐ 891 Agricultural Acts
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 890 Other Statutory Actions (If Administrative Agency is Involved)

### ○ D. Temporary Restraining Order/Preliminary Injunction

Any nature of suit from any category may be selected for this category of case assignment.

*(If Antitrust, then A governs)*

### ● E. General Civil (Other) OR ○ F. Pro Se General Civil

**Real Property**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent, Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**Personal Property**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**Bankruptcy**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**Prisoner Petitions**
☐ 535 Death Penalty
☐ 540 Mandamus & Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**Property Rights**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**Federal Tax Suits**
☐ 870 Taxes (US plaintiff or defendant
☐ 871 IRS-Third Party 26 USC 7609

**Forfeiture/Penalty**
☐ 610 Agriculture
☐ 620 Other Food &Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 RR & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety/Health
☐ 690 Other

**Other Statutes**
☐ 400 State Reapportionment
☐ 430 Banks & Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation

☐ 470 Racketeer Influenced & Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Satellite TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/Exchange
☐ 875 Customer Challenge 12 USC 3410
☐ 900 Appeal of fee determination under equal access to Justice
☐ 950 Constitutionality of State Statutes
☐ 890 Other Statutory Actions (if not administrative agency review or Privacy Act

| ○ G. *Habeas Corpus/ 2255* | ○ H. *Employment Discrimination* | ○ I. *FOIA/PRIVACY ACT* | ○ J. *Student Loan* |
|---|---|---|---|
| ☐ 530 Habeas Corpus-General<br>☐ 510 Motion/Vacate Sentence | ☐ 442 Civil Rights-Employment (criteria: race, gender/sex, national origin, discrimination, disability age, religion, retaliation)<br><br>*(If pro se, select this deck)* | ☐ 895 Freedom of Information Act<br>☐ 890 Other Statutory Actions (if Privacy Act)<br><br>*(If pro se, select this deck)* | ☐ 152 Recovery of Defaulted Student Loans (excluding veterans) |

| ○ K. *Labor/ERISA (non-employment)* | ○ L. *Other Civil Rights (non-employment)* | ○ M. *Contract* | ○ N. *Three-Judge Court* |
|---|---|---|---|
| ☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Mgmt. Relations<br>☐ 730 Labor/Mgmt. Reporting & Disclosure Act<br>☐ 740 Labor Railway Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Empl. Ret. Inc. Security Act | ☐ 441 Voting (if not Voting Rights Act)<br>☐ 443 Housing/Accommodations<br>☐ 444 Welfare<br>☐ 440 Other Civil Rights<br>☐ 445 American w/Disabilities-Employment<br>☐ 446 Americans w/Disabilities-Other | ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholder's Suits<br>☒ 190 Other Contracts<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | ☐ 441 Civil Rights-Voting (if Voting Rights Act) |

**V. ORIGIN**

⊗ 1 Original Proceeding   ○ 2 Removed from State Court   ○ 3 Remanded from Appellate Court   ○ 4 Reinstated or Reopened   ○ 5 Transferred from another district (specify)   ○ 6 Multi district Litigation   ○ 7 Appeal to District Judge from Mag. Judge

**VI. CAUSE OF ACTION** (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE.)
28 U.S.C. 1332 - Breach of Contract and Breach of Fiduciary Duty claims by subcontractor/joint venturer, against contractor/joint venturer.

**VII. REQUESTED IN COMPLAINT**   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23   **DEMAND $** $300,000, plus $200,000 pun.   Check YES only if demanded in complaint
**JURY DEMAND:**   YES ☐   NO ☒

**VIII. RELATED CASE(S) IF ANY**   (See instruction)   YES ☐   NO ☒   If yes, please complete related case form.

DATE 3/28/07   SIGNATURE OF ATTORNEY OF RECORD [signature]

**INSTRUCTIONS FOR COMPLETING CIVIL COVER SHEET JS-44**
Authority for Civil Cover Sheet

The JS-44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. Listed below are tips for completing the civil cover sheet. These tips coincide with the Roman Numerals on the Cover Sheet.

I.   COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF/DEFENDANT (b) County of residence: Use 11001 to indicate plaintiff is resident of Washington, D.C.; 88888 if plaintiff is resident of the United States but not of Washington, D.C., and 99999 if plaintiff is outside the United States.

III.   CITIZENSHIP OF PRINCIPAL PARTIES: This section is completed <u>only</u> if diversity of citizenship was selected as the Basis of Jurisdiction under Section II.

IV.   CASE ASSIGNMENT AND NATURE OF SUIT: The assignment of a judge to your case will depend on the category you select that best represents the <u>primary</u> cause of action found in your complaint. You may select only <u>one</u> category. You <u>must</u> also select <u>one</u> corresponding nature of suit found under the category of case.

VI.   CAUSE OF ACTION: Cite the US Civil Statute under which you are filing and write a brief statement of the primary cause.

VIII.   RELATED CASES, IF ANY: If you indicated that there is a related case, you must complete a related case form, which may be obtained from the Clerk's Office.

Because of the need for accurate and complete information, you should ensure the accuracy of the information provided prior to signing the form.