UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KIC DEVELOPMENT, LLC )
)
      Plaintiff, ) Case: 1:07-cv-00591
) Judge Collyer
Vs. )
)
SYSTEMS, SERVICES & DESIGN, INC. )
)
      Defendant. )
_____ )

## ANSWER TO COMPLAINT

Defendant, Systems, Services & Designs, Inc. (hereinafter "SSD"), by undersigned counsel, hereby answers the Complaint of the Plaintiff and states as follows:

### FIRST DEFENSE

The Complaint fails to state a claim upon which relief can be granted.

### SECOND DEFENSE

The Plaintiff is estopped from making its claims under Count I of the Complaint by virtue of its own knowing and intentional misconduct.

### THIRD DEFENSE

Count II must be dismissed on the grounds of a lack and/or failure of consideration.

### FOURTH DEFENSE

Count II should be stricken on the grounds that the claim is for breach of a Joint Venture Agreement, but no Joint Venture Agreement is identified in the Count, nor is any such agreement attached as an exhibit to the Complaint.

## FIFTH DEFENSE

Count II must be dismissed on the grounds that no fiduciary duty has been shown to exist as a matter of law, in that the only alleged relationship was that of two parties to a Memorandum of Understanding, which neither by its terms nor under existing law establishes any fiduciary duty on the part of Defendant.

## SIXTH DEFENSE

Answering the individual numbered paragraphs of the Complaint,:

1. Defendant denies the allegations of paragraph 1, insofar as they claim the existence and breach of a subcontract with Plaintiff and further denies the claims of existence and breach of a fiduciary duty to Plaintiff, and also denies the claim of a joint venture agreement with Plaintiff.

2. Defendant neither admits nor denies the allegations of paragraph 2 and demands strict proof thereof.

3. Defendant admits the allegations of paragraph 3.

4. Defendant admits the allegations of paragraph 4.

5. Defendant admits the allegations of paragraph 5.

6. Defendant admits the allegations of paragraph 6.

7. Defendant neither admits nor denies the allegations of paragraph 7 demands strict proof thereof.

8. Defendant admits the allegations of paragraph 8.

9. Defendant admits the allegations of paragraph 9.

10. Defendant denies the allegations of paragraph 10, and alleges that the work performed for HUD in three segments was all pursuant to a single contract between HUD and Defendant executed in September 2005, prior to the Memorandum of Understanding referred to in paragraph 9, above and not pursuant to any joint venture. Defendant particularly denies that any subcontract agreement for $100,000, or for any sum, was executed for a portion of the work under the second performance option of the 2005 HUD contract. Defendant did provide a small piece of the work under the second option to Plaintiff Company in which they reviewed certain documents and verified that they belonged to the real estate asset to prevent any blatant errors. Defendant provided this minor piece of work, for which Plaintiff rendered time sheets for a total of 339 hours, to assist Plaintiff in developing a performance record at HUD. This would make it easier for Plaintiff to qualify for future work at the agency. The total value of the work performed, including all expenses, was $10,070.00, which Defendant tendered to Plaintiff and which was refused. Defendant denies ever agreeing to contract with Plaintiff for it to perform $300,000 worth of work or any work on option three of the HUD contract. Defendant determined to proceed with that work utilizing services of another contractor to assist it.

11. Defendant denies the allegations of paragraph 11 and alleges that the purported "Purchase Order", attached to the Complaint as Exhibit B, is a knowing and intentional fabrication by Plaintiff's officers, employees and/or agents. The letterhead is that of Defendant Company, a blank piece of which was provided to Plaintiff at its request, ostensibly for it to prepare a due diligence report to Plaintiffs' associates at the Alaskan Native Company. The purported signature of the President and CEO of

Defendant, while authentic, was not placed by him on Exhibit B, but could only have been imposed on Exhibit B from some other document. Defendant has never used a "Purchase Order" form, such as Exhibit B purports to be, in the conduct of its business. The document is a fraud.

12. Defendant denies the allegations of paragraph 12, except to admit that it contracted with Meyerberg and Associates, Inc. for a portion of the option three work.

13. Defendant requests that the Court, *sua sponte*, strike the allegations contained in paragraph 13 on the grounds that they are irrelevant to any of the issues in this case and are also designed to be inflammatory and prejudicial.

14. Defendant requests that the Court, *sua sponte*, strike the allegations contained in paragraph 14 on the grounds that they are irrelevant to any of the issues in this case and are also designed to be inflammatory and prejudicial.

15. Defendant denies the allegations in paragraph 15.

16. Defendant denies the allegations in paragraph 16 and particularly denies any obligation to Plaintiff under the September 2005 HUD contract, which contract preceded the execution of the MOU, which was signed in February 2006. Defendant further denies that the MOU created any joint venture or other contractual agreement between the parties and by its language anticipated that any future working relationships would be evidenced by the execution of a joint venture agreement or agreements. None was ever executed by Defendant.

## COUNT I

17. Defendant repeats each response made to the allegations of paragraphs 1 through 16 of the Complaint and incorporates the same by reference as if fully set forth

18. Defendant denies the allegations of paragraph 18.

19. Defendant admits the allegations of paragraph 19 that it refused and refused to pay the $100,000 demanded by Plaintiff on the grounds that it has no legal or other obligation to do so.

20. Defendant denies the allegations of paragraph 20.

## COUNT II

21. Defendant repeats each and every response made to the allegations of paragraphs 1 through 20 and incorporates the same by reference herein as if fully set forth.

22. Defendant denies the allegations of paragraph 22, except to state that it executed the Memorandum of Understanding ("MOU") on February 23, 2006 and alleges that the terms of that MOU speak for themselves.

23. Defendant responds to paragraph 23 by stating that the terms of the MOU speak for themselves and denies that the quoted terms created any joint venture agreement or other contractual obligation by Defendant to Plaintiff under the preexisting HUD contract, which was created and executed prior to the MOU coming into existence.

24. Defendant denies the allegations of paragraph 24 and particularly denies that the MOU created a fiduciary relationship or imposed fiduciary duties on Defendant of any kind or nature. Defendant further denies that the MOU's anticipatory language was ever intended to cover any of the three phases of the 2005 HUD sale contract, but was clearly intended for possible future contracts and that any joint venture participation that would be involved in such future contract(s) would be the subject of a separate joint

venture agreement. Such a form of prospective agreement was prepared by Plaintiff in late 2006, but was never executed by Defendant.

25. Defendant denies the allegations of paragraph 25.

WHEREFORE, having fully answered the Complaint, Defendant, Systems, Services & Designs, Inc., by counsel, moves this Court to dismiss the Complaint with prejudice and award to Defendant its costs, attorney fees and such other relief as is deemed just.

Respectfully submitted,

Robert F. Condon #1108290
818 18th Street, N.W., Suite 410
Washington, D.C. 20006
(202) 861-0070
Fax: (202) 861-2939
and
Herbert N. Harmon, #175398
Harmon, Wilmot, Brown & Bagwell
1010 Vermont Avenue, N.W.,
Suite 810
Washington, D.C. 20005
(202) 783-9100
(202) 783-9103
Attorneys for Defendant

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KIC DEVELOPMENT, LLC            )
                                )
        Plaintiff,              )    Case: 1:07-cv-00591
                                )    Judge Collyer
Vs.                             )
                                )
SYSTEMS, SERVICES & DESIGN, INC.)
                                )
        Defendant.              )
_____)

CERTIFICATE OF SERVICE

The undersigned hereby certifies that a copy of the foregoing Answer to Complaint was served by U.S. Mail, postage prepaid, this 27th day of April, 2007 on Phillip L. Kellogg, Esq., 1925 K Street, N.W., Suite 200, Washington, D.C. 20006.

*Robert F. Condon* (signature)

Robert F. Condon