UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KIC DEVELOPMENT, LLC,

        Plaintiff,

v.                                                                                       Civil Action No. 1:07-cv-00591
                                                                                         (RMC)
SYSTEMS, SERVICES & DESIGN, INC.,

        Defendant.
_____/

## REPORT PURSUANT TO LOCAL RULE 16.3

Plaintiff KIC Development, LLC ("KIC-D") and defendant Systems, Services & Design, Inc. ("SSD"), by counsel, and pursuant to Local Civil Rule 16.3, Fed. R. Civ. P 26(f), and this Court's Order for Initial Scheduling Conference, and after having conferred on May 25, 2007, submit the following report:

(1)    As to whether the case is likely to be disposed of by dispositive motion, the parties agreed that it is too early to tell at this point in the case.

(2)    As to whether any other parties shall be joined or the pleadings amended, and whether some of all the factual and legal issues can be agreed upon or narrowed, the parties agree that it does not seem likely that any other parties shall be joined or that the pleadings will be amended, but as yet it is too early to tell whether all the factual and legal issues can be agreed upon or narrowed.

(3)    As to whether the case should be assigned to a magistrate judge for all purposes, including trial, the parties agree that at this point it should not be so assigned.

(4)    As to whether there is a realistic possibility of settling the case, the parties believe that it is too early to tell.

(5)     As to whether the case could benefit from the Court's alternative dispute resolution (ADR) procedures, the parties believe that after discovery has occurred there will probably be a point at which ADR procedures will be helpful, if not dispositive.

(6)     As to whether the case can be resolved by summary judgment or a motion to dismiss, the parties agree that only after some discovery has occurred will counsel be in a position to determine whether summary judgment or a motion to dismiss is appropriate.

(7)     As to whether the parties should stipulate to dispense with the initial disclosures required by Rule 26(a)(1), Fed. R. Civ. P., and if not, what if any changes should be made in the scope, form or timing of those disclosures, the parties have agreed to dispense with initial disclosures and proceed with discovery pursuant to schedule fixed by the Court.

(8)     As to the extent of discovery, the parties request that the Court fix December 31, 2007, as the date within which discovery must be completed.

(9)     Plaintiff and Defendant reserve the right to designate an expert and, if so, will do so within the time frame set by the court for that exchange.

(10)    This is not a class action, so Rule 23 procedures will not be required.

(11)    The parties do not believe there is a need that the trial and/or discovery should be bifurcated or managed in phases.

(12)    As to the date of the pretrial conference, the parties agree that it should be as soon as practicable after the close of discovery.

(13)    The parties agree that a trial date should be set as soon as practicable within the Court's calendar after the pretrial conference.

(14)    There are no other matters that the parties believe should be appropriate for inclusion in a scheduling order.

## STATEMENT OF THE CASE

Plaintiff KIC-D seeks recovery from defendant SSD for breach of a subcontract under a HUD Loan Sales contract and from defendant SSD for breach of fiduciary duty to KIC-D under a joint venture teaming agreement. Prior to 2006, SSD had obtained contracts from HUD to provide services relating to HUD's sale of foreclosed and repossessed real properties. In 2006 HUD's real estate sales were held in three segments. KIC-D claims that as to the second HUD sale in 2006, SSD issued a Purchase Order to KIC-D for $100,000 to perform quality control and site inspection work and that KIC-D performed all of its agreed work in a timely and satisfactory manner. On July 31, 2006, KIC-D invoiced SSD for the agreed $100,000, but despite repeated demands, and repeated promises by SSD to make payment, no payment has been received.

KIC-D's claim for breach of fiduciary duty is based on a memorandum of understanding ("MOU") the parties entered into on February 23, 2006. By entering into the MOU, SSD and KIC-D became joint venturers, agreeing to pursue in good faith the joint objectives contemplated by the MOU, including awarding work in the third phase of HUD's 2006 sale of foreclosed and repossessed real properties to KIC-D, which work would have been worth approximately $200,000 to KIC-D. By failing to award that subcontract work to KIC-D, but instead awarding it to another company, SSD breached its fiduciary duty to KIC-D as a joint venturer and deprived it of its anticipated profit on the subcontract work.

Defendant SSD, on the other hand, denies there was any $100,000 subcontract agreement under the second performance option of the HUD contract. Defendant claims that the purported document that Plaintiff claims created a contract was a fraudulent document and, as such, never was executed in that form by Defendant. Defendant further denies there was any promise to pay $100,000 to Plaintiff for the minor work performed by it under the second performance option of

Defendant's contract with HUD. SSD also denies ever agreeing to contract with KIC-D for it to perform $300,000 worth of work on option three of the 2006 HUD contract, and particularly denies that it had a fiduciary duty under any MOI that may have been entered with KIC-D, as claimed by Plaintiff under Count II of the Complaint.

Respectfully submitted,

KELLOGG, WILLIAMS & LYONS

/s/
Edwin A. Williams    (Bar No. 50716)
386 Maple Avenue, East, Suite 209
Vienna, Virginia 22180
Telephone: (703) 938-4875
Telecopier: (703) 938-4877
email: eawilliams@mindspring.com

and

Philip L. Kellogg (Bar No. 92494)
1350 Connecticut Avenue, N.W., Suite 600
Washington, D. C. 20036
Telephone: (202) 496-0722
Telecopier: (202) 331-1257
email: pkellogg@verizon.net

*Counsel for Plaintiff KIC-D*

/s/
Robert F. Condon (Bar No. 1108290)
818 – 18th Street, N. W., Suite 410
Washington, D. C. 20006
Telephone: (202) 861-0070
Telecopier: (202) 861-2939
email:  rfcondon@artabane-belden.com

and

        /s/
Herbert N. Harmon (Bar No. 175398)
HARMON, WILMOT, BROWN
 & BAGWELL
1010 Vermont Avenue, N. W.
Suite 810
Washington, D. C. 20005
Telephone: (202) 783-9100
Telecopier: (202) 783-9103

Counsel for Defendant SSD

## CERTIFICATE OF SERVICE

I hereby certify that on June 15, 2007, I filed a copy of the foregoing report electronically and that all parties will be served with copies electronically through operation of the Court's Electronic Filing System (ECF).


        /s/
Philip L. Kellogg