UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KIC Development, LLC,

                    Plaintiff,

v.                                                          Case No. 1:07-cv-00591
                                                            (RMC)

SYSTEMS, SERVICE & DESIGN, INC.,

                    Defendant.

_____/

## MOTION FOR LEAVE TO AMEND COMPLAINT

Plaintiff KIC Development, LLC (KIC-D), by counsel, pursuant to Fed. R. Civ. P. 15(a),

moves for this Court for an order granting plaintiff leave to amend its Complaint to add a count

for *quantum meruit* and unjust enrichment for the reasonable value of the work done and costs

expended by KIC-D on the May 2006 HUD real estate sales contract.  Pursuant to LcvR 7(m)

plaintiff's counsel contacted defendant's counsel and he stated that defendant does not consent to

this request.

WHEREFORE, for the reasons stated in the attached memorandum and at the argument

at the hearing on this motion, plaintiff KIC-D respectfully requests this Court to enter an order

permitting it to file the attached Amended Complaint.

                                        Respectfully submitted

                                        KELLOGG, WILLIAMS & LYONS


                                        /s/_____
                                        Edwin A. Williams  (Bar No. 50716)
                                        386 Maple Avenue, East, Suite 207
                                        Vienna, VA 22180-4720
                                        (703) 938-4875
                                        FAX (703) 938-4877
                                        E-mail: eawilliams@mindspring.com

                                        and

Philip L. Kellogg    (Bar No. 92494)
1350 Connecticut Avenue, N.W.
Suite 600
Washington, D.C. 20036
(202) 496-0722
FAX (202) 331-1257
E-mail:  pkellogg@verizon.net

Counsel for Plaintiff KIC-D

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY on this 11th day of March, 2008, I caused a true and correct copies of the foregoing Motion for Leave to Amend Complaint, its accompanying memorandum in support thereof, and the Amended Complaint to be served on counsel of record for the defendant in this case via the Court's Electronic Case Filing (ECF) system.

/s/
Edwin A. Williams

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KIC Development, LLC,

                Plaintiff,

v.                                                                          Case No. 1:07-cv-00591
                                                                            (RMC)

SYSTEMS, SERVICE & DESIGN, INC.,

                Defendant.

_____/

**MEMORANDUM IN SUPPORT OF**
**MOTION FOR LEAVE TO AMEND COMPLAINT**

Plaintiff KIC Development, LLC ("KIC-D"), requests leave to file the attached Amended

Complaint for the following reasons.

Rule 15(a)(2) of the Federal Rules of Civil Procedure states in pertinent part that ". . . a

party may amend its pleading only with the opposing party's consent or the court's leave. The

court should freely give leave when justice so requires." The D.C. Circuit has held that leave to

amend should be granted in the absence of "undue delay, bad faith, or dilatory motive . . .

repeated failure to cure deficiencies by [previous] amendments [or] futility of amendment." *See*

*Firestone v. Firestone,* 316 U.S. App. D.C. 152, 76 F.3d 1205, 1208 (D.C. Cir. 1996) (quoting

*Foman v. Davis,* 371 U.S. 178, 182, 9 L. Ed. 2d 222, 83 S. Ct. 227 (1962)). The court may also

deny leave to amend the complaint if amending would cause the opposing party undue prejudice.

*See Foman,* 371 U.S. at 182.

In the course of discovery, defendant System, Service & Design, Inc.'s President, Stanley

P. Murphy, has maintained that he did not sign the Purchase Order, a copy of which is attached

the Complaint as Exhibit B. Mr. Murphy acknowledges, however, that KIC-D did perform work

on the project identified in the Purchase Order. While KIC-D expects to prove that Mr. Murphy

agreed to the terms of the Purchase Order on defendant's behalf, KIC-D requests leave to amend

its Complaint to add claims for *quantum meruit* and unjust enrichment with regard to the work that is the subject of the disputed Purchase Order.

Plaintiff KIC-D should be permitted to amend its complaint because (1) this is the first time plaintiff has sought leave to amend, (2) there is no bad faith on its part of the plaintiff and granting of will not delay a trial of the case, and (3) the amendment would not be futile. The amendment is asserted to address defendant's contention. Most importantly, granting leave to amend the Complaint would not prejudice the defendant at this stage of the proceedings.

KIC-D has not previously sought leave to amend its complaint and there is no undue delay or bad faith on KIC-D's part in seeking to do so now. No trial date has been set and the parties have ample time to conduct whatever limited additional discovery that may be necessary as a result of granting the request.

After a status conference on January 3, 2008, the Court on defendant's motion entered a Minute Entry Order extending discovery until March 31, 2008, to allow the parties to obtain questioned document experts and depose them, if necessary. By granting KIC-D's request for leave to amend its Complaint, the Court would not need to further extend the discovery period.

On January 28, 2008, plaintiff's counsel telecopied and mailed to defense counsel an itemization of the work KIC-D performed and the out-of-pocket expenses it incurred in fulfilling its obligations under the May 2006 HUD real estate sales contract. Although the defense had already taken the deposition of KIC-D's president and his assistant before January 28, KIC-D will make them available prior to the March 31, 2008 discovery deadline for any additional deposition testimony defendant desires.1/

---

1/      Plaintiff would also consent to a brief extension of the discovery period, if necessary, to

(continued...)

WHEREFORE, for all of the foregoing reasons, plaintiff KIC-D respectfully requests that the Court grant it leave to file the attached Amended Complaint.

Respectfully submitted

KELLOGG, WILLIAMS & LYONS


/s/_____

Edwin A. Williams  (Bar No. 50716)
386 Maple Avenue, East, Suite 207
Vienna, VA 22180-4720
(703) 938-4875
FAX (703) 938-4877
E-mail: eawilliams@mindspring.com

and

Philip L. Kellogg    (Bar No. 92494)
1350 Connecticut Avenue, N.W.
Suite 600
Washington, D.C. 20036
(202) 496-0722
FAX (202) 331-1257
E-mail: pkellogg@verizon.net

Counsel for Plaintiff KIC-D

---

1/(...continued)
provide defendant with an adequate opportunity to conduct any additional discovery needed as a result of the requested amendment.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KIC DEVELOPMENT, LLC,

        Plaintiff,

v.                                  Civil Action No. 1:07-cv-00591
                                       (RMC)

SYSTEMS, SERVICES & DESIGN, INC.,

        Defendant.

_____/

## AMENDED COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, plaintiff KIC Development,

LLC ("KIC-D"), hereby amends its Complaint against defendant Systems, Services & Designs,

Inc. ("SSD"), to add a Count for *quantum meruit* and unjust enrichment on the grounds and for

the amounts set forth below:

## NATURE OF THE DISPUTE

1.      Plaintiff KIC-D seeks recovery from defendant SSD for breach of a subcontract

under a HUD Loan Sales contract or alternatively for *quantum meruit* and unjust enrichment and

and recovery from defendant SSD for its breach of fiduciary duty to KIC-D under a joint venture

agreement.

## PARTIES

2.      Plaintiff KIC-D is a limited liability company organized and existing under the

laws of the State of Alaska, having its principal place of business in Arlington, Virginia.

3.      Defendant SSD is a corporation organized and existing under the laws of the

District of Columbia, having its principal place of business in Washington, D. C.

## JURISDICTION AND VENUE

4.    This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332; there is complete diversity of the parties and the amount iscontroversy exceeds $75,000.

5.    Venue lies with this Court, pursuant to 28 U.S.C. §1391(a)(1) and (2).

## GENERAL FACTUAL ALLEGATIONS

6.    SSD is a Service Disabled Veteran-owned, Small Business Administration certified 8(a) company.  Prior to 2006, SSD had obtained contracts from the Department of Housing and Development ("HUD") to provide services relating to HUD's sale of foreclosed and repossessed real properties.  Because SSD is limited under applicable HUD regulations to annual contract awards not exceeding $3 million, in September 2005, SSD engaged a consultant, James A. Cooke, Inc. ("Cooke"), to assist SSD, *inter alia*, in identifying potential joint venture partners whose structure might enable SSD to circumvent annual HUD contract award limitation.

7.    KIC-D is a socially and economically disadvantaged small business concern, a participant in the SBA 8(a) business development program and is deemed a tribally-owned business.  Under HUD regulations, KIC-D is not subject to the annual $3 million contract award limitation applicable to SSD.  Under applicable HUD regulations, KIC-D is also eligible for sole-source, multi-year contract awards without dollar limitation.  Under the regulations, a joint venture owned 51% or more by KIC-D would be eligible for HUD contract awards based on KIC-D's eligibility status.

8.    In September 2005, Cooke introduced KIC-D to SSD as a potential joint venture partner.

9.    On January 25, 2006, officials of KIC-D and SSD met, discussed pursuing various joint venture opportunities utilizing KIC-D's expanded contract eligibility involving

HUD and other government agencies. On February 23, 2006, the parties executed a written

Memorandum of Understanding ("MOU") agreement, a copy of which is attached as Exhibit A.

10.    In 2006, HUD's real estate sales were held in three segments, the first of which

had already occurred before the execution of the MOU. As an initial step to position themselves

for future HUD real estate sale joint venture work, SSD agreed to subcontract to KIC-D

$100,000 of the work involved in the second HUD real estate sale in May 2006 and $300,000 of

the work involved in the third HUD real estate sale in December 2006, thus enabling the parties

to develop a documented track record of joint performance in preparation for seeking expanded

HUD real estate sale work in 2007 and beyond.

11.    SSD issued a Purchase Order to KIC-D for $100,000 for quality control and site

inspection work relating to the May 2006 HUD sale, to be performed between March 1 and June

30, 2006. A copy of the Purchase Order is attached as Exhibit B. KIC-D performed all of its

agreed work in a timely and satisfactory manner and on July 31, 2006, invoiced SSD for the

agreed $100,000. The actual value of the services rendered by KIC-D to SSD under the HUD

contract was $100,000. Despite repeated demands by KIC-D for payment, and repeated

promises by SSD to make payment, no payment has been received.

12.    Notwithstanding SSD's agreement to subcontract $300,000 of the work involved

in the December 2006 HUD real estate sale to KIC-D, upon information and belief, SSD instead

awarded the subcontract work intended for KIC-D, to Meyerberg and Associates, Inc.

13.    By complaint filed in this Court on May 26, 2006, Signet Partners sued SSD for

$150,270.81, the balance due Signet for similar HUD subcontract work arising from 2005 and

the initial 2006 HUD real estate sales. *Signet Partners v. Systems, Services & Design, Inc.,* C. A.

No. 06-979-GK.    By minute order, dated July 10, 2006, the Court entered a default judgment against SSD in the amount of $150,790.81, plus interest.

14.    By complaint filed in the Circuit Court of Arlington County, Virginia, Cooke sued SSD for $50,000 for failing to pay the agreed fee under the consulting agreement, which Cooke had performed, *inter alia*, by introducing KIC-D to SSD. *James A. Cooke, Inc. v. Systems, Services & Design, Inc.*, C.A. No. 06-1478.

15.    Based on the foregoing and upon information and belief, SSD used funds it received from HUD for work performed by KIC-D, relating to the May 2006 HUD real estate sale, to pay other creditors, rather than to pay KIC-D as it had agreed.    SSD awarded the subcontract for the December 2006 HUD real estate sale work, intended for KIC-D, to Meyerburg & Associates, Inc., because it knew that KIC-D would not perform without having first been paid for its May 2006 subcontract work, which remained unpaid.

16.    By entering into the MOU, SSD and KIC-D became joint venturers, agreeing to pursue in good faith the joint objectives contemplated by the MOU.    By failing to award the December 2006 subcontract work to KIC-D, and by instead awarding the work to Meyerburg & Associates, Inc., SSD breached its fiduciary duty to KIC-D as a joint venturer, to pursue the objectives of the MOU in good faith, damaging KIC-D in the sum of $200,000 -- its profit on the subcontract work.

### COUNT I
**(Breach of Contract – Failure to Pay Amount Due Under HUD Subcontract)**

17.    Paragraphs 1-16 are incorporated herein as if set forth in their entirety.

18.    KIC-D fully performed all services required under the Purchase Order from SSD, relating to the May 2006 HUD real estate sale.

19.    Although KIC-D has frequently demanded that SSD pay the $100,000.00 owed KIC-D under the Purchase Order, SSD has refused to do so.

20.    As a proximate result, KIC-D has suffered damage and harm.

## COUNT II
### (*Quantum Meruit* and Unjust Enrichment)

21.    Paragraphs 1-20 are incorporated herein as if set forth in their entirety.

22.    KIC-D fully performed and rendered valuable services for SSD under the May 2006 HUD real estate sale contract, which services were accepted and enjoyed by SSD.

23.    The circumstances under which KIC-D rendered such services reasonably notified SSD that KIC-D expected to be paid and that KIC-D had a reasonable expectation to be paid for such services.

24.    As a proximate result of SSD's failure and refusal to pay KIC-D for the services it rendered under the May 2006 HUD real estate sale contract SSD has been unjustly enriched and KIC-D has suffered great damage and harm.

25.    It would be therefore be unjust for SSD to retain the benefit of KIC-D's services rendered under the May 2006 HUD real estate sale contract without fully paying KIC-D for its services.

## COUNT III
### (Breach of Fiduciary Duty - Failure to Perform Under Joint Venture Agreement)

26.    Paragraphs 1-25 are incorporated herein as if set forth in their entirety.

27.    On February 23, 2006, SSD and KIC-D agreed to become joint venturers to pursue mutual business opportunities pursuant to a Memorandum of Understanding ("MOU").

28.    Paragraph 2 of the MOU, entitled "Milestones and Timetable," states in pertinent part that one of the milestones contemplated was to "[d]evelop capabilities presentation for HUD and begin marketing of long-term sole-source award as transaction specialist."

29.    SSD's agreement to award KIC-D subcontract work on the May and December 2006, HUD real estate sales was a key element of the parties' MOU agreement to "develop" a capabilities presentation — *i.e.*, to build a documented joint performance record to be used as a basis for seeking future multi-year HUD contract work on behalf of the joint venture. By failing to award the December 2006 subcontract work to KIC-D, SSD breached its fiduciary duty to KIC-D as a joint venturer.

30.    As a proximate result of the foregoing conduct, KIC-D has suffered and will continue to suffer damage and harm.

WHEREFORE, plaintiff KIC-D demands judgment against defendant SSD as follows:

1.    With respect to Count I, judgment against SSD in the sum of $100,000, plus prejudgment interest from August 31, 2006, to the date of judgment, and attorneys fees; or

2.    With respect to Count II, judgment against SSD in the sum of $100,000, plus prejudgment interest from August 31, 2006, to the date of judgment, and attorneys fees; and

3.    With respect to Count III, judgment for compensatory damages in the sum of $200,000, pre-judgment interest thereon from February 15, 2007, such other compensatory damages as may be proven at trial, punitive damages in the sum of $200,000 and attorneys' fees; and

4.    For such other relief as the Court deems appropriate.

Respectfully submitted,

KELLOGG, WILLIAMS & LYONS

/s/
Edwin A. Williams    (Bar No. 50716)
386 Maple Avenue, East, Suite 207
Vienna, VA 22180-4720
(703) 938-4875
FAX (703) 938-4877
E-mail: eawilliams@mindspring.com

and

/s/
Philip L. Kellogg (Bar No. 92494)
1350 Connecticut Avenue, N. W., Suite 600
Washington, D. C. 20036
(202) 496-0722
FAX (202) 331-1257
E-mail: pkellogg@verizon.net

Counsel for Plaintiff KIC-D

*KIC Development, LLC v. Systems, Services & Design, Inc.*

# EXHIBIT A

## MEMORANDUM OF UNDERSTANDING
### KIC Development, LLC & Systems, Services & Designs, Inc.

**Introduction.** The parties held discussions on January 25, 2006 in Washington, D.C. concerning potential opportunities with various federal agencies, including but not limited to IT support services, GIS services, management consulting, and other areas of expertise.

**KIC Development, LLC (KICD)** is a socially and economically disadvantaged small business concern, majority-owned by Kikiktagruk Inupiat Corporation (KIC). KIC is headquartered in Kotzebue, Alaska, and was created in 1973 as a Village corporation pursuant to the terms of the Alaska Native Claims Settlement Act of 1971. There are currently 1,953 KIC shareholders.

KICD is an experienced Technical Solutions Corporation, that can handle all facets of Communication/Information Technology, Construction, Environmental, Engineering, Energy, Marine (Dry Dock) and Industrial Fabrication. KICD was formed in 2002. KICD's main offices are located in Alaska and in Arlington, Virginia, with Regional Offices in Norwalk, Connecticut, Denton, Texas, Philadelphia, Pennsylvania, and Jacksonville, Florida.

KICD is a socially and economically disadvantaged small business concern (SDB), a participant in the SBA 8(a) Business Development Program, and is deemed a tribally-owned business. It is a Disadvantaged Small Business (DBE) for Department of Transportation programs. The KICD socio-economic business advantages, coupled with its array of contracting vehicles, positions it to perform projects on a sole-source basis. This capability provides its clients with a user friendly and time-sensitive acquisition tool to complete their projects with minimal lead time and acquisition effort.

**Systems, Services & Designs, Inc. (SSD)** is a privately-held, Service Disabled Veteran-Owned Small Business, Small Business Administration (SBA) certified 8(a) company. It was formed in 1985 by Stan Murphy and Gerald McGhee primarily to provide software consulting services to the public and private sectors. Today, the company provides engineering, management, technical and computer systems support for a diverse group of clients – services that span the entire technology lifecycle – from strategy definition and planning, through implementation and integration, to extended support. SSD was recently nominated as Contractor of the Year by the Bureau of Alcohol, Tobacco and Firearms (BATF) for providing exceptional service.

By the Memorandum of Understanding, the parties desire to formulate a list of milestones and a timetable for further pursuit of matters of mutual interest. The parties acknowledge that the range of opportunities have a substantial number of inter-related variables which limit their ability to develop a specific strategy for proceeding.

*Draft KICD SSD MOU 020806*

The parties agree that:

1. **Statement of Interest**: Each party states its interest in forming a long-term collaboration or a joint pursuit of federal government contracting opportunities. These may be pursued as a joint venture (JV), (structured either as a partnership or as a limited liability company), or as prime contractor/subcontractor relationship. Among the group of possible targets are: IT support services, software and hardware value-added reselling, GIS services, management consulting, and other areas of expertise and interest.

The federal agencies which may be targeted include the Department of Defense, Department of Housing and Urban Development, Department of Homeland Security, Department of Justice, Department of the Treasury, Department of Transportation, and Department of the Interior.

The primary goal of the collaboration is to leverage the technical abilities of SSD with the unique contracting status of KICD for large sole-source awards. In order to achieve this goal, it will be necessary to demonstrate successful team performance, and to enhance the technical abilities of KICD.

2. **Milestones and Timetable**: The following list of milestones provides a broad outline of the various stages in the transactions, and is not intended to be a comprehensive statement of each task which may be performed. The timetable is a good faith estimate of the minimum time needed to complete each milestone. Failure to reach the milestones below shall not be deemed a breach of this agreement.

| Milestone | Timetable |
|---|---|
| Introductory meeting of the principals (completed) | 01/25/06 |
| Execute Memorandum of Understanding | 02/23/06 |
| Negotiate subcontract from SSD to KICD for the May HUD real estate sale | 02/28/06 |
| Prepare analysis of previous contracting actions by various agencies in areas of mutual interest | 03/15/06 |
| Parties draft priority list of federal agencies to contact and schedule meetings to appropriate agency officials | 04/01/06 |
| Develop capabilities presentation for HUD and begin marketing of long-term sole-source award as transaction specialist | 04/15/05 |

3. **Costs**. Each party shall bear its own costs and expenses. In the event that a JV is established, capitalization shall be shared amongst all parties.

4. **Non-Disclosure Agreement**. The parties have previously executed a written Non-Disclosure Agreement (NDA), which shall remain in full force and effect. The NDA shall be not deemed to have been superseded by the execution of this MOU, and the obligations of the parties arising from the NDA shall survive the termination of this agreement.

5. **Exclusivity**. If the parties agree on the pursuit of a specific contracting opportunity with a specific agency, the parties shall execute a written election to pursue the matter as a JV or partnership or any other legal entity. Once designated as an opportunity, neither party shall independently pursue specifically identified opportunities without the participation of the other party while this MOU remains in effect, unless the excluded party agrees to in writing to the independent pursuit.

6. **Termination of MOU**. This may be terminated by any party and at any time by the delivery of a written election of termination to the other parties. The termination of this MOU shall not relieve any party of its obligations under the NDA. Neither shall the termination of this MOU relieve any party of its obligations to perform under any existing contract.

IN WITNESS WHEREOF, the parties have executed this Memorandum of Understanding with an effective date of February 23, 2006.

KIC Development, LLC

By _____
Its _____
Dated 2/23/06

Systems, Services & Designs, Inc.

By _____
Its _____
Dated _____

*Draft KICD SSD MOU 020806*

**3. Costs:** Each party shall bear its own costs and expenses. In the event that a JV is established, capitalization shall be shared amongst all parties.

**4. Non-Disclosure Agreement:** The parties have previously executed a written Non-Disclosure Agreement (NDA), which shall remain in full force and effect. The NDA shall be not deemed to have been superseded by the execution of this MOU, and the obligations of the parties arising from the NDA shall survive the termination of this agreement.

**5. Exclusivity:** If the parties agree on the pursuit of a specific contracting opportunity with a specific agency, the parties shall execute a written election to pursue the matter as a JV or partnership or any other legal entity. Once designated as an opportunity, neither party shall independently pursue specifically identified opportunities without the participation of the other party while this MOU remains in effect, unless the excluded party agrees to in writing to the independent pursuit.

**6. Termination of MOU:** This may be terminated by any party and at any time by the delivery of a written election of termination to the other parties. The termination of this MOU shall not relieve any party of its obligations under the NDA. Neither shall the termination of this MOU relieve any party of its obligations to perform under any existing contract.

IN WITNESS WHEREOF, the parties have executed this Memorandum of Understanding with an effective date of February 23, 2006.

KIC Development, LLC

By: _____

Its: _____

Dated: 2 / 23 / 0 6

Systems, Services & Designs, Inc.

By: _____

Its: _____

Dated: 2 / 23 / 06

*Draft KICD.SSD.MOU.020806*                                    3

*KIC Development, LLC v. Systems, Services & Design, Inc.*

# EXHIBIT B



**Purchase Order**

**KIC Development**
**2461 South Clark Street**
**Suite 618**
**Arlington, VA 22202**

Purchase Order from SSD to KICD in the amount of $100,000.00 for services of Quality Control and Site Inspections.

Contract Time frame is from March 1 thru June 30, 2006

SYSTEMS, SERVICES, & DESIGNS, INC.

By: _____
Stanley Murphy
Its President & Chief Executive Officer

Systems, Services & Designs, Inc.
1010 Vermont Avenue NW #400
Washington, DC 20005
Phone: 202.393.5990 FAX: 202.393.5989