UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KIC Development, LLC,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　　　Case No. 1:07-cvC591
　　　　　　　　　　　　　　　　　　　　　(RMC)
SYSTEMS, SERVICE & DESIGN, INC.,

        Defendant.
_____/

**PLAINTIFF KIC DEVELOPMENT, LLC'S REPLY TO
DEFENDANT SYSTEMS, SERVICE & DESIGN, INC.'S
OPPOSITION TO MOTION FOR LEAVE TO AMEND COMPLAINT**

    Plaintiff KIC Development, LLC ("KIC-D"), by counsel, hereby replies to defendant Systems, Services & Designs, Inc.'s ("SSD's") opposition to plaintiff's motion for leave to amend its complaint ("Opposition"), filed March 19, 2008.

    Reciting terms used by the Supreme Court in *Foman v. Davis,* 371 U.S. 178, 182 (1962), SSD contends that it would be prejudiced by the granting of KIC-D's motion to amend and that KIC-D has acted with "'undue delay,' 'bad faith' and 'dilatory motive'. " Opposition at 1-2, citing *Firestone v. Firestone,* 76 F.3d 1205, 1208 (D.C. Cir. 1996), quoting *Foman*.   SSD provides no facts whatever to support these conclusory claims of prejudice and bad faith.

    1.    SSD does not assert that it would need to conduct *any* additional discovery if the motion were granted, nor does not it assert any specific harm to SSD that would follow.  While SSD maintains that KIC-D has acted in "bad faith" and with a "dilatory motive," it does not say what improper motive is the basis of KIC-D's action.  The fact of the matter, as we have stated, is that KIC-D has moved to amend its complaint simply to address SSD's contentions.

    No trial date has not been set and there is ample time for SSD to conduct further discovery on the *quantum meruit* claim if it desires and such discovery would be limited because the *quantum meruit* claim encompasses only the work done and expenses incurred by KIC-D in

completing its part of the May 2006 HUD real estate sales contract. *See, State Teachers Retirement Bd. v. Fluor Corp.*, 654 F.2d 843, 856 (2d Cir. 1981) (reversing a district court's denial of leave to amend where the new claim was closely related and there would not be a need for "a great deal of additional discovery."). As pointed out in the motion, on January 28, 2008, plaintiff's counsel telecopied and mailed to defense counsel the document setting forth KIC-D's work and expenses incurred in fulfilling its obligations under the May 2006 HUD real estate sales contract. Moreover, SSD supervised KIC-D's work on that contract and knows that the work was performed by KIC-D.

      2.      KIC-D seeks only to have all of its rightful claims against SSD heard. Fed. R. Civ. P. 15(a)(2) provides that "[t]he court should freely give leave [to amend] when justice so requires." The purpose of the rule is to provide litigants "the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties." *Hardin v. Mantowoc-Forsythe Corp.*, 691 F.2d 449, 456 (10th Cir. 1982). In *Foman, supra,* the Supreme Court held:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits. In the absence of any apparent or declared reason – such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc. – the leave sought should, as the rules require, be "freely given." *Id.* 371 U.S. at 182.

In short, there has been no "undue delay, bad faith or dilatory motive" on KIC-D's part and there will be no prejudice to defendant if the motion is granted. Accordingly, the motion for leave to amend the complaint should be granted in the interests of fairness and justice.

-3-

WHEREFORE, for all of the foregoing reasons, plaintiff KIC-D respectfully requests that the Court grant leave to file the amended complaint.

        Respectfully submitted,

        KELLOGG, WILLIAMS & LYONS

        Edwin A. Williams  (Bar No. 50716)
        386 Maple Avenue, East, Suite 207
        Vienna, VA 22180-4720
        (703) 938-4875
        FAX (703) 938-4877

        and

        /s/
        Philip L. Kellogg     (Bar No. 92494)
        1350 Connecticut Avenue, N.W.
        Suite 600
        Washington, D.C. 20036
        (202) 496-0722
        FAX (202) 331-1257

        Counsel for Plaintiff KIC-D

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true copy of the foregoing reply was served on counsel for defendant electronically this 24th day of March, 2008.

        /s/
        Philip L. Kellogg