UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

KIC DEVELOPMENT, LLC,

    Plaintiff,

v.                 Civil Action No. 1:07-cv-00591 (RMC)

SYSTEMS, SERVICES & DESIGN, INC.,

    Defendant.

_____/

## AMENDED COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, plaintiff KIC Development, LLC ("KIC-D"), hereby amends its Complaint against defendant Systems, Services & Designs, Inc. ("SSD"), to add a Count for *quantum meruit* and unjust enrichment on the grounds and for the amounts set forth below:

### NATURE OF THE DISPUTE

1. Plaintiff KIC-D seeks recovery from defendant SSD for breach of a subcontract under a HUD Loan Sales contract or alternatively for *quantum meruit* and unjust enrichment and and recovery from defendant SSD for its breach of fiduciary duty to KIC-D under a joint venture agreement.

### PARTIES

2. Plaintiff KIC-D is a limited liability company organized and existing under the laws of the State of Alaska, having its principal place of business in Arlington, Virginia.

3. Defendant SSD is a corporation organized and existing under the laws of the District of Columbia, having its principal place of business in Washington, D. C.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332; there is complete diversity of the parties and the amount iscontroversy exceeds $75,000.

5. Venue lies with this Court, pursuant to 28 U.S.C. §1391(a)(1) and (2).

## GENERAL FACTUAL ALLEGATIONS

6. SSD is a Service Disabled Veteran-owned, Small Business Administration certified 8(a) company. Prior to 2006, SSD had obtained contracts from the Department of Housing and Development ("HUD") to provide services relating to HUD's sale of foreclosed and repossessed real properties. Because SSD is limited under applicable HUD regulations to annual contract awards not exceeding $3 million, in September 2005, SSD engaged a consultant, James A. Cooke, Inc. ("Cooke"), to assist SSD, *inter alia*, in identifying potential joint venture partners whose structure might enable SSD to circumvent annual HUD contract award limitation.

7. KIC-D is a socially and economically disadvantaged small business concern, a participant in the SBA 8(a) business development program and is deemed a tribally-owned business. Under HUD regulations, KIC-D is not subject to the annual $3 million contract award limitation applicable to SSD. Under applicable HUD regulations, KIC-D is also eligible for sole-source, multi-year contract awards without dollar limitation. Under the regulations, a joint venture owned 51% or more by KIC-D would be eligible for HUD contract awards based on KIC-D's eligibility status.

8. In September 2005, Cooke introduced KIC-D to SSD as a potential joint venture partner.

9. On January 25, 2006, officials of KIC-D and SSD met, discussed pursuing various joint venture opportunities utilizing KIC-D's expanded contract eligibility involving

HUD and other government agencies. On February 23, 2006, the parties executed a written Memorandum of Understanding ("MOU") agreement, a copy of which is attached as Exhibit A.

10. In 2006, HUD's real estate sales were held in three segments, the first of which had already occurred before the execution of the MOU. As an initial step to position themselves for future HUD real estate sale joint venture work, SSD agreed to subcontract to KIC-D $100,000 of the work involved in the second HUD real estate sale in May 2006 and $300,000 of the work involved in the third HUD real estate sale in December 2006, thus enabling the parties to develop a documented track record of joint performance in preparation for seeking expanded HUD real estate sale work in 2007 and beyond.

11. SSD issued a Purchase Order to KIC-D for $100,000 for quality control and site inspection work relating to the May 2006 HUD sale, to be performed between March 1 and June 30, 2006. A copy of the Purchase Order is attached as Exhibit B. KIC-D performed all of its agreed work in a timely and satisfactory manner and on July 31, 2006, invoiced SSD for the agreed $100,000. The actual value of the services rendered by KIC-D to SSD under the HUD contract was $100,000. Despite repeated demands by KIC-D for payment, and repeated promises by SSD to make payment, no payment has been received.

12. Notwithstanding SSD's agreement to subcontract $300,000 of the work involved in the December 2006 HUD real estate sale to KIC-D, upon information and belief, SSD instead awarded the subcontract work intended for KIC-D, to Meyerberg and Associates, Inc.

13. By complaint filed in this Court on May 26, 2006, Signet Partners sued SSD for $150,270.81, the balance due Signet for similar HUD subcontract work arising from 2005 and the initial 2006 HUD real estate sales. *Signet Partners v. Systems, Services & Design, Inc.*, C. A.

-3-

No. 06-979-GK.  By minute order, dated July 10, 2006, the Court entered a default judgment against SSD in the amount of $150,790.81, plus interest.

14. By complaint filed in the Circuit Court of Arlington County, Virginia, Cooke sued SSD for $50,000 for failing to pay the agreed fee under the consulting agreement, which Cooke had performed, *inter alia*, by introducing KIC-D to SSD. *James A. Cooke, Inc. v. Systems, Services & Design, Inc.*, C.A. No. 06-1478.

15. Based on the foregoing and upon information and belief, SSD used funds it received from HUD for work performed by KIC-D, relating to the May 2006 HUD real estate sale, to pay other creditors, rather than to pay KIC-D as it had agreed.  SSD awarded the subcontract for the December 2006 HUD real estate sale work, intended for KIC-D, to Meyerburg & Associates, Inc., because it knew that KIC-D would not perform without having first been paid for its May 2006 subcontract work, which remained unpaid.

16. By entering into the MOU, SSD and KIC-D became joint venturers, agreeing to pursue in good faith the joint objectives contemplated by the MOU.  By failing to award the December 2006 subcontract work to KIC-D, and by instead awarding the work to Meyerburg & Associates, Inc., SSD breached its fiduciary duty to KIC-D as a joint venturer, to pursue the objectives of the MOU in good faith, damaging KIC-D in the sum of $200,000 -- its profit on the subcontract work.

## COUNT I
### (Breach of Contract – Failure to Pay Amount Due Under HUD Subcontract)

17. Paragraphs 1-16 are incorporated herein as if set forth in their entirety.

18. KIC-D fully performed all services required under the Purchase Order from SSD, relating to the May 2006 HUD real estate sale.

19. Although KIC-D has frequently demanded that SSD pay the $100,000.00 owed KIC-D under the Purchase Order, SSD has refused to do so.

20. As a proximate result, KIC-D has suffered damage and harm.

### COUNT II
### (*Quantum Meruit* and Unjust Enrichment)

21. Paragraphs 1-20 are incorporated herein as if set forth in their entirety.

22. KIC-D fully performed and rendered valuable services for SSD under the May 2006 HUD real estate sale contract, which services were accepted and enjoyed by SSD.

23. The circumstances under which KIC-D rendered such services reasonably notified SSD that KIC-D expected to be paid and that KIC-D had a reasonable expectation to be paid for such services.

24. As a proximate result of SSD's failure and refusal to pay KIC-D for the services it rendered under the May 2006 HUD real estate sale contract SSD has been unjustly enriched and KIC-D has suffered great damage and harm.

25. It would be therefore be unjust for SSD to retain the benefit of KIC-D's services rendered under the May 2006 HUD real estate sale contract without fully paying KIC-D for its services.

### COUNT III
### (Breach of Fiduciary Duty - Failure to Perform Under Joint Venture Agreement)

26. Paragraphs 1-25 are incorporated herein as if set forth in their entirety.

27. On February 23, 2006, SSD and KIC-D agreed to become joint venturers to pursue mutual business opportunities pursuant to a Memorandum of Understanding ("MOU").

28. Paragraph 2 of the MOU, entitled "Milestones and Timetable," states in pertinent part that one of the milestones contemplated was to "[d]evelop capabilities presentation for HUD and begin marketing of long-term sole-source award as transaction specialist."

29. SSD's agreement to award KIC-D subcontract work on the May and December 2006, HUD real estate sales was a key element of the parties' MOU agreement to "develop" a capabilities presentation — *i.e.*, to build a documented joint performance record to be used as a basis for seeking future multi-year HUD contract work on behalf of the joint venture. By failing to award the December 2006 subcontract work to KIC-D, SSD breached its fiduciary duty to KIC-D as a joint venturer.

30. As a proximate result of the foregoing conduct, KIC-D has suffered and will continue to suffer damage and harm.

WHEREFORE, plaintiff KIC-D demands judgment against defendant SSD as follows:

1. With respect to Count I, judgment against SSD in the sum of $100,000, plus prejudgment interest from August 31, 2006, to the date of judgment, and attorneys fees; or

2. With respect to Count II, judgment against SSD in the sum of $100,000, plus prejudgment interest from August 31, 2006, to the date of judgment, and attorneys fees; and

3. With respect to Count III, judgment for compensatory damages in the sum of $200,000, pre-judgment interest thereon from February 15, 2007, such other compensatory damages as may be proven at trial, punitive damages in the sum of $200,000 and attorneys' fees; and

4. For such other relief as the Court deems appropriate.

Respectfully submitted,

KELLOGG, WILLIAMS & LYONS


/s/ _____
Edwin A. Williams    (Bar No. 50716)
386 Maple Avenue, East, Suite 207
Vienna, VA 22180-4720
(703) 938-4875
FAX (703) 938-4877
E-mail: eawilliams@mindspring.com

and


/s/ _____
Philip L. Kellogg (Bar No. 92494)
1350 Connecticut Avenue, N. W., Suite 600
Washington, D. C. 20036
(202) 496-0722
FAX (202) 331-1257
E-mail: pkellogg@verizon.net

Counsel for Plaintiff KIC-D