UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIC DEVELOPMENT, LLC, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>SYSTEMS, SERVICES & DESIGN, INC.,)<br>)<br>Defendant. )<br>_____) | Civil Action No. 1:07-cv-00591<br>(RMC) |

## MOTION TO REOPEN CASE

Plaintiff KIC Development, LLC ("KIC-D"), by counsel, hereby moves this Court, pursuant to Fed. R. Civ. P. 60(b)(3) and (6), to reopen this case.

As grounds for the motion, KIC-D states:

1. On April 2, 2008, KIC-D filed an amended Complaint in this case against Systems, Services & Designs, Inc. ("SSD"), alleging breach of contract, *quantum meruit* and unjust enrichment, and breach of fiduciary duty.

2. KIC-D sought damages in the amount of $100,000 with regard to the breach of contract claim, $100,000 with regard to the *quantum meruit* and unjust enrichment claim, and $200,000 with regard to the breach of fiduciary duty claim.

3. On May 12, 2008, at a settlement conference before Magistrate Judge Alan Kay, SSD agreed to pay KIC-D fifty thousand dollars ($50,000.00) within 45 days, or on or before June 26, 2008.

4. KIC-D and SSD also entered into a written agreement with the effective date of May 12, 2008, regarding SSD's payment of the $50,000 settlement. A copy of the agreement is attached as Exhibit A.

5. On May 13, 2008, the day after the settlement conference and the agreement to settle was reached, the Court entered an order dismissing the case with prejudice, if a motion to reopen was not filed by June 30, 2008.

6. Since June 26, 2008, SSD has on repeated occasions represented that the $50,000 was forthcoming in the very near future, causing KIC-D to refrain from filing a motion to reopen this case. An affidavit of undersigned counsel setting out the foregoing representations is attached as Exhibit B.

7. Because SSD has failed to pay the $50,000 it agreed to pay KIC-D at the settlement conference before Magistrate Judge Kay, because SSD has breached its written agreement with KIC-D to pay the $50,000 on or before May 26, 2008, and considering all of the surrounding circumstances, KIC-D believes that SSD misrepresented to Magistrate Judge Kay and KIC-D that it would pay $50,000 in settlement of all pending claims between the parties.

8. Counsel for SSD was contacted pursuant to Local Civil Rule 7(m) and he has advised that SSD does not consent to this request.

WHEREFORE, KIC-D respectfully moves this Court to reopen this case and permit KIC-D to litigate its claims.

                                                      KELLOGG, WILLIAMS & LYONS

                                                      <u>/s/ Edwin A. Williams</u>
                                                      Edwin A. Williams   (Bar No. 50716)
                                                      Philip L. Kellogg (Bar No. 92494)
                                                      1350 Connecticut Avenue, N. W., Suite 600
                                                      Washington, D. C. 20036
                                                      Telephone: (202) 496-0722
                                                      Telecopier: (202) 331-1257
                                                      *Counsel for Plaintiff* KIC-D

## **CERTIFICATE OF SERVICE**

    I HEREBY CERTIFY that a true copy of this Motion and its accompanying memorandum in support thereof, was served electronically to Robert F. Condon and Herbert N. Harmon, counsel for defendant, this 21st day of August, 2008.

                                       <u>/s/ Philip L. Kellogg</u>

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIC DEVELOPMENT, LLC, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>SYSTEMS, SERVICES & DESIGN, INC.,)<br>)<br>Defendant. )<br>_____) | Civil Action No. 1:07-cv-00591<br>(RMC) |

## MEMORANDUM IN SUPPORT OF
## PLAINTIFF'S MOTION TO REOPEN CASE

### STATEMENT OF FACTS

On May 12, 2008, at a mediation session before Magistrate Kay, KIC-D and SSD agreed to settle this case for a payment of $50,000 by SSD to KIC-D within 45 days. A copy of the settlement agreement is attached to the accompanying motion as Exhibit A. On May 13, 2008, the Court entered an order dismissing the case without prejudice, and further dismissing the case with prejudice on June 30, 2008, in the absence of the filing of a motion to reopen the case.

As reflected in the affidavit of undersigned counsel, attached to the motion as Exhibit B, beginning June 23, 2008, and continuing throughout July, 2008, KIC-D counsel received repeated assurances from SSD that payment was forthcoming shortly. Notwithstanding the assurances, no payment has been made.

### APPLICABLE LAW

Civil Rule 60(b) provides in relevant part:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; or
>
> \* \* \*
>
> (6) any other reason that justifies relief.

In *Kokkonen v. Guardian Insurance Company of America*, 511 U.S. 375 (1994), the Supreme Court held that a federal court did not have jurisdiction to enter an order enforcing a settlement agreement following a dismissal of a complaint with prejudice pursuant to stipulation. The Court was careful, however, to distinguish its holding from the power of the Court to *re-open* a case under Rule 60(b) in such circumstances – the relief we seek here:

> *It must be emphasized that what respondent seeks in this case is enforcement of the settlement agreement, and not merely reopening of the dismissed suit by reason of breach of the agreement that was the basis for dismissal.* Some Courts of Appeals have held that the latter can be obtained under *Federal Rule of Civil Procedure 60(b)(6)*. See, e. g., *Keeling v. Sheet Metal Workers Int'l Assn.*, 937 F.2d 408, 410 (CA9 1991); *Fairfax Countywide Citizens Assn. v. Fairfax County*, 571 F.2d 1299, 1302-1303 (CA4 1978). But see *Sawka v. Healtheast, Inc.*, 989 F.2d 138, 140-141 (CA3 1993) (breach of settlement agreement insufficient reason to set dismissal aside on Rule 60(b)(6) grounds); *Harman v. Pauley*, 678 F.2d 479, 480-481 (CA4 1982) (Rule 60(b)(6) does not require vacating dismissal order whenever a settlement agreement has been breached). Enforcement of the settlement [**1676] agreement, however, whether through award of damages or decree of specific performance, is more than just a continuation or renewal of the dismissed suit, and hence requires its own basis for jurisdiction.

511 U.S. at 378. (Emphasis added.)

While our Court of Appeals has said in other circumstances that Rule 60(b)(6) relief "should be only sparingly used," *Twelve John Does v. District of Columbia*, 841 F.2d 1133, 1140 (D.C. Cir. 1988), quoting *Good Luck Nursing Home, Inc. v. Harris*, 636 F.2d 572, 577 (D.C. Cir.

2

(1980), we have found no case in which the Court of Appeals dealt with the issue here: a prompt request to reopen a case where the entire *quid pro quo* agreed upon as the basis for settlement and dismissal has failed.1/

### ARGUMENT

Here, as noted, SSD entered into a settlement agreement to pay KIC-D $50,000 by a date certain and on the basis of that agreement the Court dismissed the case. SSD did not pay within the time agreed, nor did it provide any credible explanation for its failure to do so. Thus, SSD breached "the agreement that was the basis for the dismissal." 511 U.S. at 378.

KIC-D in good faith relied upon SSD's repeated assurances that payment was forthcoming shortly and, accordingly, did not seek to reopen the case prior to June 30, 2008, as the Court's order provided. SSD's promise to pay, its repeated assurances of payment forthcoming, in light of its lack of any credible explanation for the failure, may be viewed as "misrepresentations" or "misconduct" within the meaning of Rule 60(b)(3).

Alternatively, and in any event, we submit that the circumstances outlined constitute "other reason[s] justifying relief" under Rule 60(b)(6). *See, e.g., Keely v. Sheet Metal Workers Int'l Ass'n,* 937 F.2d 408 (9th Cir. 1991); *United States v. Baus,* 834 F.2d 1114, 1123-1127 (1st Cir. 1987); *Stipelcovich v. Sand Dollar Marine, Inc.,* 805 F.2d 599, 605 (5th Cir. 1986); *Fairfax Countywide Citizens v. Fairfax County,* 571 F.2d 1299, 1302-03 (4th Cir. 1978).

Accordingly, considering all of the circumstances of this case, plaintiff KIC-D respectfully

---

[1] *Compare, Empressa Electronica Del Ecuador, Inc. v. Republic of Equador,* 191 F.R.D. 323 (D.D.C. 2000). There, noting the quoted Court of Appeals language in *Twelve John Does, supra,* Judge Robertson denied a motion to re-open where, *inter alia,* plaintiff "permitted its damages to grow more than fifteen-fold, *over a period of four years,* before seeking relief from a court again." 191 F.R.D. at 325. (Emphasis added.) In this case, unlike *Empressa,* KIC-D has sought relief promptly after SSD's breach became apparent.

3

requests that the Court exercise its discretion and reopen the case and allow KIC-D to prove its claims at trial.

KELLOGG, WILLIAMS & LYONS

/s/ Edwin A. Williams
Edwin A. Williams   (Bar No. 50716)
Philip L. Kellogg (Bar No. 92494)
1350 Connecticut Avenue, N. W., Suite 600
Washington, D. C. 20036
Telephone: (202) 496-0722
Telecopier: (202) 331-1257

*Counsel for Plaintiff* KIC-D

# EXHIBIT A

06/17/2008 10:08 FAX                                                                    ☒003/008
JUN-17-2008 10:51 AM   KELLOG.WILLIAMS.&.LYONS   703 9.  4875          P.01

## SETTLEMENT AGREEMENT & MUTUAL RELEASE

THIS SETTLEMENT AGREEMENT & MUTUAL RELEASE (hereinafter, the "Agreement") is made effective as of the 12th day of May, 2008 (the "effective date" of this Agreement), by and between KIC DEVELOPMENT, LLC, a limited liability company having an address at 2461 South Clark St, Arlington, Virginia 22202 (hereinafter, "KIC-D"), and SYSTEMS, SERVICES & DESIGNS, INC., a District of Columbia corporation having an address at 1010 Vermont Avenue, N.W., Suite 400, Washington, D.C. 20005 (hereinafter, "SSD"), together referred to herein as "the Parties."

WHEREAS, KIC-D filed suit against SSD in the United States District Court for the District of Columbia claiming damages for breach of contract, *quantum meruit*, breach of fiduciary duty and other claims, and

WHEREAS, SSD has denied liability to KIC-D on all of its claims, and

WHEREAS, the Parties hereto by this agreement wish to amicably and forever resolve any and all claims and disputes between them;

NOW THEREFORE, for good and valuable consideration, the receipt and sufficiency of which is expressly acknowledged, and for the recitals herein which are incorporated and made part of this Agreement, the Parties hereto agree to as follows, intending to be legally bound:

1. **Settlement Amount.** SSD agrees to make a one-time payment of FIFTY THOUSAND ($50,000) DOLLARS in full and final settlement of any and all claims within forty-five (45) days of the effective date of this Agreement – *i.e.*, on or before June 26, 2008.

2. **Good Faith Settlement of Disputed Claims.** This Agreement constitutes the good faith settlement of disputed claims and is entered into for the sole purpose of resolving all claims to avoid the burden, expense, delay and uncertainties of litigation, SSD having specifically denied all liability to KIC-D as to any of its claims.

08/17/2008 10:08 FAX                                                                 004/006
JUN-17-2008 10:01 AM   KELL G.WILLIAMS.&.LYONS   783 9:   4875              P.02

3. <u>Mutual Releases</u>

    (a)    KIC-D and SSD's General Release and Waiver

Except to enforce this Agreement, KIC-D and SSD for themselves, their heirs, successors and assigns, release and discharge each other and its officers, directors, employees, attorneys, representatives and other agents, its predecessors, successors and assigns from any and all causes of action, claims, demands, costs and expenses, including attorney's fees, or damages (collectively "claims") whether known or unknown, which either party may have had against the other, now has, or which have been asserted or could have been asserted by either party, arising out of any act or omission occurring before the date of execution of this Agreement.

4. <u>Authority to Make Agreement</u>

Each person who signs this Agreement on behalf of any corporation, limited liability company, partnership or other entity, represents and warrants that he or she has the authority to do so, and agrees to indemnify and hold harmless each other party from any claims that such authority does not exist.

5. <u>Entire Agreement</u>

Each party represents that it has completely read the terms of this Agreement and has had the opportunity to have those terms explained to him/her/it by its own attorney and that those terms are fully understood and voluntarily accepted by each party. The terms and conditions of this Agreement constitute the full and complete understanding, agreements, and promises of the parties, and there are no oral or written understandings, agreements, promises, or inducements made or offered other than those set forth in writing in this Agreement. This Agreement supersedes any prior oral or written agreement of understanding between the parties relating to the subject matters covered in this Agreement.

08/17/2008 10:08 FAX                                                                    ⌾005/006
JUN-17-2008 10:52 AM    KEL  ;G.WILLIAMS.&.LYONS    705 9    4870           P.0X

6.  **Construction**

This Agreement is not to be strictly construed against any Party, but instead to be construed fairly, according to the plain meaning of its terms. The headings of paragraphs are merely descriptive and should not be construed as influencing or limiting the substance of the paragraphs in any way.

7.  **Severability**

The Parties agree that if any term, provision, or condition of this Agreement, or the application thereof, to any person, entity or circumstance, shall to any extent be or be declared to be invalid or unenforceable by a court of competent jurisdiction, it shall be modified to the minimum extent necessary to be valid and enforceable and as near as possible to conform to the original intent of the Parties. The remainder of this Agreement or the application of such provision, term or condition to any other person, entity or circumstance shall not be affected thereby and each other provision, term, or condition of this Agreement shall remain valid and enforceable to the fullest extent permitted by law.

8.  **Choice of Law and Venue**

This Agreement is governed by and shall be construed under the laws of the District of Columbia, without regard to its conflicts of laws rules. Any dispute, claim, or cause of action arising out of or in connection with this Agreement shall be brought in a court sitting in the District of Columbia without exception. Each party hereto irrevocably submits him/itself to the jurisdiction of either the United States District Court for the District of Columbia or the Superior Court for the District of Columbia, for the purposes of any such suit, action, or proceeding. In the event of a breach of the provisions of this Agreement, the non-breaching party shall be entitled to recover their costs and reasonable attorney's fees.

9.  **Confidentiality**.

Other than disclosing the fact that the dispute has been resolved, the parties hereto agree not

AUG-18-2008 09:48 PM    KELLOGG;WILLIAMS;&LYONS...

to disclose to any third party, without legal compulsion, any of the terms and conditions of settlement, including but not limited to the amount thereof.

10. **Non-disparagement**

The parties expressly agree that neither of them will disparage nor speak negatively or "bad mouth" the other and that such action will be considered a material breach of this settlement agreement and release.

11. **Counterparts**

This Agreement may be executed in two (2) or more counterparts, each of which shall be considered an original, but when taken together, shall constitute one Agreement. This Agreement may be executed and sent via facsimile, to be then construed as part of the original.

IN WITNESS WHEREOF, each of the Parties hereto had duly executed this Settlement Agreement & Mutual Release as of the date and year first written above.

SYSTEMS, SERVICES AND DESIGNS, INC.

By: *[signature]*

Title: President/CEO

KIC DEVELOPMENT, LLC

By: *[signature]*

Title: CEO

- 4 -

# EXHIBIT B

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIC DEVELOPMENT, LLC, )<br>)<br>Plaintiff, )<br>v. )<br>)<br>SYSTEMS, SERVICES & DESIGN, INC., )<br>)<br>Defendant. )<br>_____) | Civil Action No. 1:07-cv-00591<br>(RMC) |

### AFFIDAVIT

I, Edwin A. Williams, co-counsel for the plaintiff KIC Development, LLC ("KIC-D"), in the above-entitled case hereby state as follows:

1. On May 12, 2008, at a settlement conference before Magistrate Judge Alan Kay, Systems, Services & Design, Inc. ("SSD") agreed to pay KIC-D Fifty Thousand Dollars ($50,000.00) within 45 days, or on or before June 26, 2008, to settle all claims between the parties.

2. Subsequently, KIC-D and SSD entered into a written Settlement Agreement & Mutual Release, effective May 12, 2008, which memorialized SSD's agreement to pay KIC-D $50,000.00 on or before June 26, 2008.

3. Beginning on or about June 23, 2008, I began communicating with counsel for SSD about when KIC-D could expect payment of the $50,000.00 settlement. On June 24 counsel advised me in a telephone conversation that he would get back to me as soon as he heard from his client.

-1-

4. By e-mail on July 2, 2008, counsel for SSD advised me that his client had informed him that he was "hopeful that some transfer would take place by tomorrow, but if not, because of the Friday holiday, Monday." Thereafter, counsel exchanged e-mails and spoke on the telephone periodically about the $50,000.00 payment.

5. On or about July 17, 2008, counsel for SSD advised me by e-mail that his client had informed him that he had "received notification that the money is ready waiting on some banking papers" and that his client had informed him that he had "received notification that the funds had been released by the compliance officer . . . . We think today or tomorrow."

6. On July 23, 2008, counsel for SSD advised me by e-mail that his client had informed him by e-mail that the "bank told [SSD] 7 to 10 days before the release [of the money]. Today is day 9. We really didn't think they would go the whole 10 days."

7. Despite these communications, which implied that the $50,000.00 would be forthcoming before the end of July, KIC-D has received nothing to date.

I declare under penalty of perjury that the foregoing is true and correct. Executed this 18th day of August, 2008.

Edwin A. Williams
D.C. Bar No. 50716

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KIC DEVELOPMENT, LLC,  )<br>  )<br>    Plaintiff,  )<br>v.  )<br>  )<br>SYSTEMS, SERVICES & DESIGN, INC.,)<br>  )<br>    Defendant.  )<br>_____) | Civil Action No. 1:07-cv-00591<br>(RMC) |

## ORDER

Upon consideration of the motion of plaintiff KIC Development, LLC to reopen this case, the opposition of defendant Systems, Services & Designs, Inc. thereto and for good cause shown, it is hereby

ORDERED that plaintiff's motion is granted; and it is

FURTHER ORDERED, that the Court's order dismissing the case with prejudice as of June 30, 2008 is hereby vacated and plaintiff's amended complaint is reinstated.

_____
UNITED STATES DISTRICT JUDGE

Dated:_____